UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S&A Holdings, LLC dba Ellis U.S.A., ) | CASE NO. 1:20 CV 1748 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| Joel Lefkowitz, et al. , ) | Memorandum of Opinion and Order |
| ) | |
| Defendant. ) | |

**Introduction**

This matter is before the Court upon Defendants Joel Lefkowitz, Hoboken Floors, LLC, and Grato Parquet's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2). (Doc. 11). This is a contract case. The issue is whether the Court has personal jurisdiction over moving defendants. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff S & A Holdings, LLC dba Ellis USA filed this Complaint against defendants Joel Lefkowitz; Hoboken Floors, LLC; Grato Parquet; and KBF Interior Designs, Inc. Plaintiff is an Ohio company, and defendants Lefkowitz, Hoboken, and Grato Parquet are

1

named as New Jersey entities. Defendant KBF is alleged to be a New York corporation. The Complaint generally alleges the following.

Plaintiff is in the business of importing finished hardwoods and related items used for floors. Lefkowitz is the owner of Hoboken Floors and Grato Parquet, and acted as a marketer of plaintiff's products in New Jersey, New York, Pennsylvania and Florida. He shared the net profits from sales of flooring products pursuant to an agreement with plaintiff. KBF is engaged in the construction industry in installing flooring.

On August 11, 2018, plaintiff and Lefkowitz entered into an agreement under which Lefkowitz agreed to market plaintiff's flooring products to commercial contractors which plaintiff would have custom manufactured by suppliers outside the United States. Plaintiff and Lefkowtiz agreed that the identity of and relationships with the suppliers was proprietary information to be treated as confidential. Lefkowitz agreed to identify commercial construction companies or developers in need of flooring products and refer them to plaintiff. If a sale of flooring products was consummated, plaintiff would enter into a contract with a supplier, oversee production, international shipment, and clearance through customs. Once cleared through customs, the product would be placed in storage until needed or immediately delivered to the contractor that purchased the flooring.

Lefkowitz collected money due from the contractors purchasing the flooring and was to forward it to plaintiff. After accounting for manufacturing costs, delivery costs, duty paid, and other expenses, the net profit was to be split 50/50 between plaintiff and Lefkowitz.

Defendant Hoboken, with flooring to be supplied by plaintiff, entered into contracts with non-defendants Malas Development and Alite Flooring, LLC. In the contracts with

Malas and Alite for flooring, Hoboken/Lefkowitz collected the monies from them and was to pay those monies over to plaintiff. Disputes then arose over the money owed by Hoboken/Lefkowitz to plaintiff under the two contracts. A dispute also arose over a contract entered into by plaintiff with KBF.

The Complaint alleges seven claims: Count One (breach of agreement on the Malas contract), Count Two (breach of contract on the Alite contract), Count Three (breach of contract by KBF), Count Four (Lefkowitz share of the losses on the KBF contract), Count Five (fraud), Count Six (conversion of personal property) and Count Seven (punitive damages).

In support of the motion, defendant Lefkowitz submits his declaration which states the following. Lefkowitz is the sole member, manager, officer, and employee of Hoboken, a New Jersey limited liability company established by him. Hoboken provides sales representation to manufacturers and importers of wood flooring in New York and New Jersey. It also conducted business with European imported flooring under the trade name Grato Parquet. Hoboken and Grato Parquet conducted business from Lefkowitz's home in New Jersey. None of these entities have resided or owned property in Ohio, had bank accounts or employees there, provided sales representation for projects in Ohio, or engaged in any advertisements, promotion, or marketing efforts in Ohio.

According to Lefkowitz, plaintiff contacted him in 2018, and then sent an agreement, prepared by plaintiff, which Lefkowitz signed in New Jersey without revisions or negotiations. As contemplated by the agreement, plaintiff, Lefkowitz, Hoboken, and Grato Parquet agreed to work together to obtain business for flooring and allied products primarily in the states of

3

New York, New Jersey, Pennsylvania, and Florida. After execution of the agreement, these entities worked on five projects all located in the New York City metropolitan area. The flooring for the projects was to be sourced by suppliers outside the United States. There were no domestic suppliers, and none in Ohio. Upon consummation of a sale, the suppliers exported the flooring from their countries to a user identified by Lefkowitz or to a warehouse. All the customers that contracted for the flooring were located in the New York City metropolitan area and the only warehouse used was in New Jersey. The construction contracts that are the subject of the dispute (Malas, Alite, and KBF) are all located in the New York City metropolitan area. Finally, after execution of the agreement, Lefkowitz occasionally corresponded with plaintiff in the form of sales documentation, emails, and telephone calls. He also remitted payments to plaintiff. (Lefkowitz decl.).

This matter is now before the Court upon Defendants Joel Lefkowitz, Hoboken Floors, LLC, and Grato Parquet's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2).

**Standard of Review**

The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). When a defendant has filed "a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing Weller v. Cromwell Oil Co., 504 F.2d 927, 930 (6th Cir. 1974)). When evaluating a motion to dismiss for lack of personal jurisdiction, a court has three options: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may

4

conduct an evidentiary hearing to resolve any apparent factual questions." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen*, 935 F.2d at 1458). If a court chooses to rule on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). The plaintiff can make this prima facie showing by "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). This burden is "relatively slight." *Carrier Corp*, 673 F.3d at 449. Moreover, the court must "construe the facts in the light most favorable to the nonmoving party" and "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp.*, 282 F.3d 883, 887 (6th Cir. 2002). Indeed, "because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a prima facie case for jurisdiction. *Carrier Corp,* 673 F.3d at 449 (internal quotations and citations omitted).

### Discussion

Moving defendants argue that this Court lacks personal jurisdiction over them. For the following reasons, this Court agrees.

In diversity cases, a federal court has personal jurisdiction over a defendant if jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp.*, 282 F.3d at 888

(citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)). The Sixth Circuit has determined that "Ohio's long-arm statute is not coterminous with federal constitutional limits," and has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Bird*, 289 F.3d at 871 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Because Ohio's long-arm statute does not reach the full limits of the federal constitution, a finding that Ohio's long-arm statute allows for jurisdiction does not foreclose the need for Due Process Clause analysis. See *Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006); *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) ("Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.").

There are two forms of personal jurisdiction to be considered under the Due Process analysis: general and specific. General jurisdiction is found when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). The Supreme Court has found that general jurisdiction only occurs in a limited set of circumstances, holding the "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). The Supreme Court has explained that the benefit of looking to the place of incorporation and principal place of business is that "each ordinarily indicates only one place"

6

and is "easily ascertainable." *Id*. at 137. Indeed, for a court to find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal place of business is the "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 139 n.19). Specific jurisdiction turns on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine*, Inc., 465 U.S. 770, 775 (1984)). To establish specific jurisdiction over a defendant, a court must find "(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (internal quotations and citations omitted).

Plaintiff does not dispute the facts set forth in the declaration of Lefkowitz, nor does plaintiff submit rebuttal evidence other than the agreement between the parties. Plaintiff maintains that defendants have transacted business in Ohio because they entered into an agreement with an Ohio based company, repeatedly corresponded with that company by email and telephone, and remitted funds to it in Ohio. Additionally, plaintiff points out that the agreement contemplates dispute resolution subject to the laws of Ohio. Moreover, plaintiff asserts that due process is satisfied because defendants purposefully availed themselves of this forum by entering into a substantial and long-standing contract with an Ohio entity, and minimum contacts have been satisfied given that plaintiff's cause of action arises out of a contract for repeated transactions which states that it is governed by Ohio law.

Plaintiff's contentions are not persuasive. As discussed above, even if plaintiff were to

7

establish that defendants transacted business in Ohio to satisfy Ohio's long arm statute, plaintiff would still have to demonstrate that exercising specific jurisdiction[1] over defendants would comport with due process. The Court agrees with defendants that plaintiff fails to do so.

Plaintiff does not dispute the statements set forth in Lefkowitz's declaration, i.e., defendants are non-Ohio residents that marketed products manufactured outside the United States for projects located outside Ohio, and the goods were shipped from outside the United States to warehouses and projects outside Ohio. To establish jurisdiction, plaintiff relies on the fact that Lefkowitz entered into the agreement with an Ohio resident, corresponded with that company by email and telephone, and remitted funds to it in Ohio. But, the mere existence of the agreement is insufficient to confer personal jurisdiction over defendants. *Calphalon Corp. v. Rowlette,* 228 F.3d 718 (6th Cir. 2000). This is so especially given the undisputed fact that plaintiff drafted and executed the agreement and then sent it to Lefkowitz who signed it in New Jersey without any revisions or negotiations. Moreover, the Sixth Circuit has recognized that a defendant's phone, mail, and fax contact with a plaintiff in Ohio may occur solely because the plaintiff chose to reside there and not because the defendant sought to further its business and create continuous and substantial consequences there. *Id.* In fact, there is no evidence that defendants sought to market any products in Ohio but instead were "not attempting to exploit any market for its products in the state of [Ohio], but rather had contact with the state only because the plaintiff chose to reside there." *Id.* at 722-723.

Additionally, plaintiff points to the agreement's two references to Ohio law. However, neither provision changes the personal jurisdiction analysis discussed above.

---

[1] There is no dispute that general jurisdiction does not exist.

Paragraph three of the agreement states that information regarding the suppliers is confidential, and that "Lefkowitz acknowledges that they will not divulge or discuss this information with anyone,..." Further,

> If it is found that such information has been passed on to anyone else to contact Ellis suppliers, Ellis will prosecute for breach of contract under this 'confidentiality agreement' and said Lefkowitz will be held responsible for all legal costs, including that of the Company. Any such litigation will be held in the Courts of the State of Ohio.

(Doc. 13 Ex. A). This paragraph is inapplicable because the Complaint does not allege that defendants disclosed any information about the suppliers. Next, the agreement contains a paragraph entitled, "Resolution of problems." It states in part:

> For any problems that remain unresolved after sixty (60) days, the parties agree to use the mediation services of the American Arbitration Association to facilitate resolution. This Contract and Agreement shall be governed and construed under The Laws of the United States of America and those of the State of Ohio will prevail in the event of a dispute, without regard to conflict of laws principles. Except as expressly prohibited by the laws of the State of Ohio, either party may waive any right to trial by jury with respect to any matter related to this Contract Agreement and Order.

(Doc. 13 Ex. A). This is not a forum selection clause and, plaintiff who drafted the agreement, could have designated Ohio as the forum for resolution of disputes. He did not.

### Conclusion

For the forgoing reasons, Defendants Joel Lefkowitz, Hoboken Floors, LLC, and Grato Parquet's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) is granted.

IT IS SO ORDERED.

Dated: 12/4/20

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge